IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


LEO LAMONICA FLEETON,                :

        Petitioner,                  :

v.                                   :      CIVIL ACTION 04-0810-BH-M

STEPHEN BULLARD,                     :

        Respondent.                  :


REPORT AND RECOMMENDATION


        This is an action under 28 U.S.C. § 2254 by an Alabama
inmate which has been referred for report and recommendation
pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8 of the Rules
Governing Section 2254 Cases.  Petitioner was convicted of
murder in the Circuit Court of Mobile, following a guilty
plea, on March 28, 2003 for which he received a sentence of
life in the State penitentiary (Doc. 4, pp. 1-2).

        Petitioner filed a complaint with this Court on December
20, 2004, raising the following claims:  (1) The sentence
exceeds the maximum sentence allowed by law; (2) he was not
given notice that he would be sentenced under the Habitual
Offender Act of Alabama; and (3) he was not notified of the
sentence range he was facing under the Habitual Offender Act
(Doc. 4 Supplement; *see also* Doc. 14, p. 3).  Respondent
asserts that Petitioner has never raised the third claim in

the State courts and that he has a remedy available to him (Doc. 14, pp. 4-6).

The evidence of record provides no indication that Petitioner has ever raised the third claim by any appropriate state procedure before filing this petition.  It would appear, then, that Petitioner has failed to exhaust his state remedies with regard to his claim that he was not notified of the sentence range he was facing under the Habitual Offender Act. Respondent has claimed procedural default as to Fleeton's second claim and admitted exhaustion on the first claim (Doc. 11, pp. 3-4, 6-7).  As Petitioner has stated a claim in this court, *i.e.*, claims one and two, but has raised a claim not yet exhausted in the state courts, *i.e.*, claim three, Petitioner has a mixed petition.  *See Rose v. Lundy*, 455 U.S. 509 (1982).

As Petitioner has filed a mixed petition, *i.e.*, a petition which has both exhausted and non-exhausted claims, Petitioner has the option of amending his complaint and pursuing the exhausted claims,[1] or requesting that the petition be

---

[1]Petitioner should bear in mind that Rule 9(b) of the Rules Governing Habeas Corpus Cases under Section 2254 provides for the dismissal of successive habeas petitions if Petitioner raises new claims and does not meet the burden of proving that his "failure to raise the issue in his first petition was not the result of intentional withholding or inexcusable neglect." *Ritter v. Thigpen*, 828 F.2d 662, 664 (11th Cir. 1987).

2

dismissed without prejudice so that he may pursue his state remedies before refiling a habeas petition in this court. *Rose v. Lundy*, 455 U.S. 509 (1982).

Therefore, Petitioner is **ORDERED** to file a pleading in this Court, **not later than August 10, 2005**, making known his wishes with regard to this petition. Specifically, Fleeton should tell the Court that he wishes to either: 1) dismiss this petition without prejudice to allow him to exhaust all claims or 2) dismiss claim three and proceed with the action on claims one and two. Unless the Petitioner notifies the court as set out above, it is recommended that the petition be denied in its entirety, without prejudice, so that Petitioner can exhaust state remedies.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a

3

matter excepted by 28 U.S.C. § 636(b)(1)(A), by
filing a "Statement of Objection to Magistrate
Judge's Recommendation" within ten days after being
served with a copy of the recommendation, unless a
different time is established by order.  The
statement of objection shall specify those portions
of the recommendation to which objection is made and
the basis for the objection.  The objecting party
shall submit to the district judge, at the time of
filing the objection, a brief setting forth the
party's arguments that the magistrate judge's
recommendation should be reviewed de novo and a
different disposition made.  It is insufficient to
submit only a copy of the original brief submitted
to the magistrate judge, although a copy of the
original brief may be submitted or referred to and
incorporated into the brief in support of the
objection.  Failure to submit a brief in support of
the objection may be deemed an abandonment of the
objection.

A magistrate judge's recommendation cannot be appealed to
a Court of Appeals; only the district judge's order or
judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay
the fee for a transcript, is advised that a judicial
determination that transcription is necessary is required
before the United States will pay the cost of the transcript.

DONE this 21st day of July, 2005.


                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE